In the Matter of the Arbitration between LAFAYETTE WORSTED SPINNING Co., Appellant, and FASHION ART KNITTING MILLS, Respondent.

First Department, February 24, 1953.

*Richard S. Baxter* (*Duer, Strong & Whitehead*, attorneys), for appellant.

*Harold Korzenik* of counsel (*Bernard S. Brickman*, attorney), for respondent.

VAN VOORHIS, J. This controversy arises from a contract of sale of 5,000 pounds of yarn, of a quality more specifically described in the contract. A small quantity of this yarn was shipped, but its quality was questioned by the purchaser. The dispute was submitted to arbitration pursuant to a clause in the contract. The award contains the following directions:

" Fashion Art Knitting Mills shall pay to Lafayette Worsted Spinning Co. the sum of Twenty-five Thousand, Seven Hundred Seventy-one Dollars and Twenty-five Cents ($25,771.25) without discount or interest.

" Fashion Art Knitting Mills shall accept the 4,862½ lbs. of yarn in question. Fashion Art Knitting Mills shall give Lafayette Worsted Spinning Co. shipping instructions before July 10. Within seven days after receipt of shipping instructions Lafayette Worsted Spinning Co. shall ship the goods in question."

Shipping instructions were received by Lafayette and, in ostensible compliance with the award, 4,862½ pounds of yarn was shipped on July 17, 1952, by Lafayette to Nicetown Dye Works.

The award was confirmed by order of the Supreme Court, but the time for payment was extended by stipulation between the parties which allowed deferred payment in two installments. It was further stipulated that judgment would not be entered unless Fashion Art should default in the stipulated payments, but, through inadvertence, judgment was entered on the order confirming the award, although no steps were taken to enforce the judgment. Fashion Art paid 50% of the amount awarded, but the balance remains unpaid. No motion was made under sections 1462 and 1462-a of the Civil Practice Act to vacate, modify or correct the award. Fashion Art did, however, move for a stay of enforcement of the judgment, upon the ground that the 4,862½ pounds of yarn shipped by Lafayette to Nicetown Dye Works was defective in quality, and was not the same yarn which was directed to be delivered by the arbitration award.

Fashion Art, the purchaser, demanded a second arbitration of the latter issue.

Lafayette, the seller, has appealed from the order granting the purchaser's motion to stay the enforcement of the judgment based on the original award, and from the order denying its own motion to stay the second arbitration.

The decision of these appeals depends upon whether the original arbitration award determines the entire controversy. Lafayette contends that the undelivered 4,862½ pounds of yarn had been manufactured before the award was issued, that it was on the floor of Lafayette's plant at Woonsocket, Rhode Island, during the pendency of the arbitration proceeding, and that the arbitrators are to be deemed to have ascertained and approved its quality as conforming to the contract before they directed Lafayette to deliver it, and Fashion Art to pay for it. The pur-

chaser, upon the other hand, contends that the arbitrators did not pass upon the quality of the undelivered yarn, but approved the quality of only the small quantity which had previously been delivered, and that, in directing the seller to deliver and the purchaser to pay for the 4,862½ pounds that remained on the floor of the spinning mill in Rhode Island, they intended merely that delivery should be made of the designated quantity of yarn, intending that it should be of a quality conformable to the description contained in the contract. In that event, there would be room for a second arbitration to decide whether the yarn that was delivered after the first arbitration conformed to that description.

We think that a second arbitration should be conducted by the same arbitrators who made the original award. They are in position to know what was intended by the direction, in the first award, that delivery be made of " 4,862½ lbs. of yarn in question." They will best be able to determine whether the award signified that the quality of the undelivered yarn upon the floor of Lafayette's plant, in Rhode Island, had already been adjudicated and whether different yarn from that which they examined was actually delivered, or whether the " yarn in question " referred merely to the description specified in the contract, in which event they will then decide whether delivery was made of yarn answering that description.

The order denying Lafayette's application to stay the second arbitration, and the order staying the enforcement of the original award and judgment, should be modified so as to provide that the enforcement of the original award and judgment shall be stayed, and the second arbitration shall proceed concerning Lafayette's performance of the first award, only if the second arbitration be conducted by the same arbitrators who made the original award, and, as so modified, the orders appealed from should be affirmed, with $20 costs and printing disbursements to appellant. Settle order.

In first appeal: Dore, J. P., Cohn, Callahan and Breitel, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.

In second appeal: Dore, J. P., Cohn and Callahan, JJ., concur with Van Voorhis, J.; Breitel, J., dissents and votes to affirm on the ground that the court properly is without power to require that the issues should be determined by the same arbitrators.

Order denying Lafayette's application to stay the second arbitration, and the order staying the enforcement of the original award and judgment, modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and printing disbursements to the appellant. Settle order on notice. [See *post,* p. 957.]